# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACQUELINE M. KUBE,

    Appellant,

        v.

MARSHALL SILVERSTEIN,

    Appellee.

CIVIL ACTION NO. 3:CV-14-1679

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is Jacqueline Kube's ("Kube") appeal from an Order of the United States Bankruptcy Court for the Middle District of Pennsylvania dated May 16, 2014. Specifically, Kube appeals the Bankruptcy Court's determination that the debt owed to Marshall Silverstein ("Silverstein") is not dischargeable under 11 U.S.C. § 523(a)(2)(A). For the reasons that follow, the May 16, 2014 Order of the Bankruptcy Court will be affirmed.

### **I. Background**

As set forth in the Complaint of Nondischargability filed in the Bankruptcy Court, Silverstein filed a complaint in the Lehigh County Court of Common Pleas in November 2009 (the "County Complaint") against Richard Harley ("Harley"), Kube, and RJH & Company, Inc. Count I of the County Complaint asserted a claim for breach of a promissory note against Harley and RJH & Company, Inc., Count II of the County Complaint set forth a claim for breach of a joint venture agreement against Harley, Kube, and RJH & Company, Inc., and Count III of the County Complaint stated a fraud (material misrepresentation) claim against Harley, Kube, and RJH & Company, Inc.

On August 8, 2011, the Lehigh County Court of Common Pleas found in favor of Silverstein and against the defendants on all Counts of the County Complaint and ordered the amount of judgment on these claims to be $1,140,000.00 as of July 2, 2009, plus interest thereon from that date at the rate of six percent (6%) per year. Silverstein then

caused judgment to be entered on August 11, 2011 in the amount of $1,289,730.40. Kube did not appeal the August 8, 2011 Order of the Lehigh County Court of Common Pleas or the entry of judgment thereon.

Subsequently, Kube, on or about July 8, 2013, filed a Voluntary Petition for Bankruptcy under Chapter 13 of the United States Bankruptcy Code. Shortly thereafter, Silverstein filed a Complaint for Determination of Nondischargeability of Debt under 11 U.S.C. § 523(A)(2) and (6). Count I of that Complaint asserted nondischargeability for fraudulent conduct pursuant to § 523(a)(2)(A) and (B), and Count II asserted nondischargeability on the basis of willful and malicious injury pursuant to § 523(a)(6).

Trial was held in the adversary proceeding on May 16, 2014. The same day, the Bankruptcy Court issued the Order complained of here on appeal. That Order states:

> After conclusion of the trial, the Court's findings and conclusions having been stated on the record in open court pursuant to F.R.B.P. 7052, it is
>
> ORDERED that judgment is entered in favor of the Plaintiff and against the Defendant based upon 11 U.S.C. § 523(a)(2)(A). The Defendant's obligation to the Plaintiff in the amount of $1,109,000.00, plus lawful interest from July 2, 2009, will not be included in any discharge granted to the Debtor/Defendant in the underlying bankruptcy case.

(Doc. 1, 2.)

Kube's Notice of Appeal was filed on August 8, 2014. (Doc. 1.) Kube, after receiving multiple extensions, filed her appellant brief on July 10, 2015. (Doc. 19.) Silverstein's appellee brief was filed on July 24, 2015. (Doc. 20.) The appeal is now ripe for disposition.

## II. Jurisdiction

28 U.S.C. § 158(a) provides that the District Courts of the United States shall have jurisdiction to hear appeals from final judgments, order, and decrees of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under 28 U.S.C. § 157. The May 16, 2014 Order complained of by Kube constitutes a final order, and jurisdiction over the instant matter is therefore appropriate. *See, e.g., Burns v. Malo*, No. 08-1953, 2010

WL 818075, at *1 n.4 (M.D. Pa. Mar. 9, 2010).

### III. Discussion

The standard of review of the Bankruptcy Court's decision is well-established.[1] Federal Rule of Bankruptcy Procedure 8013 provides that a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand the matter with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013. A bankruptcy court's legal conclusions or questions of law are subject to plenary review. *See In re Modular Structures, Inc.*, 27 F.3d 72, 76 (3d Cir. 1994). Under this standard, the bankruptcy court's findings of fact are reviewed for clear error, and its decisions of law are reviewed *de novo*. *In re Anes*, 195 F.3d 177, 180 (3d Cir. 1999) (citing *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992)).

In her appellant brief, Kube identifies two issues for appeal. First, Kube contends that the Bankruptcy Court lacked jurisdiction in this case because the judgment against RJH & Company, Inc. is invalid. Second, she argues that the Bankruptcy Court erred in finding that the debt owed to Silverstein is not dischargeable.

As to her first argument on appeal, Kube maintains that Silverstein sued the incorrect party in the Lehigh County Court of Common Pleas because RJH & Company, Inc. does not exist and the proper identification of that entity is RJH and Company, Incorporated. Thus, Kube concludes that the judgment against RJH & Company, Inc. is invalid. However,

---

[1] As of December 1, 2014, an amended version of the Federal Rules of Bankruptcy Procedure went into effect. *See* Order of Apr. 25, 2014, adopting amendments to Fed. R. Bankr. P., U.S. Order 14–0011, *available at* http://www.supremecourt.gov/orders/courtorders/frbk14_d28l.pdf. The order stated that the new rules "shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." *Id*. This Opinion refers to the version of the Rules in effect prior to December 1, 2014.

the validity of the judgment entered against RJH & Company, Inc. was not at issue in the proceedings before the Bankruptcy Court as that entity was not the party in bankruptcy, nor was it the party with which Silverstein was seeking a determination of nondischargeability. Additionally, the validity of the judgment against RJH & Company, Inc. was already determined in the state court proceedings. The first issue raised by Kube on appeal is without merit.

The other issue Kube complains of on appeal is to the Bankruptcy Court's determination that the debt owed to Silverstein is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). According to Kube, she is an "individual debtor which has not had any dealings with Mr. Silverstein," and she did not have "knowledge nor could not [sic] have committed any false pretenses, false representation, actual fraud, [or] willful and malicious injury to Mr. Silverstein since she never had any dealings with him as per his own statement . . . ." (Doc. 19, 4.) Kube therefore concludes that the Bankruptcy Court erred in concluding that Silverstein's claim falls within the exception to discharge under § 523(a)(2)(A).

> Section 523(a)(2)(A) of the Bankruptcy Act provides:
>
> A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by- (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . . .

11 U.S.C. § 523(a)(2)(A). To establish a claim to nondischargeability under § 523(a)(2)(A), a creditor must demonstrate:

> (1) the debtor obtained money, property or services through a material misrepresentation; (2) the debtor, at the time, knew the representation was false or made with gross recklessness as to its truth; (3) the debtor intended to deceive the creditor; (4) the creditor reasonably relied on the debtor's false representations; and (5) the creditor sustained a loss and damages as a proximate result of the debtor's materially false representations.

*In re Bocchino*, - - - F.3d - - -, 2015 WL 4478124, at *3 (3d Cir. July 23, 2015) (citation omitted). A creditor seeking to prevent a discharge must "prove by a preponderance of the

evidence that its claim meets one of the statutory exceptions to discharge," and the exceptions are strictly construed. *Id.* (citations omitted).

Here, Kube complains of the factual findings made by the Bankruptcy Court, namely, that she made a false representation to deceive Silverstein because she never had any dealings with him. Review of a bankruptcy judge's findings of fact is limited to determining whether they are "clearly erroneous." "A factual finding is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)); *accord In re Hilley*, 124 F. App'x 81, 83 (3d Cir. 2005) (whether debtor "committed fraud under § 523(a)(2)(A) was a question of fact."); *In re Lemke*, 423 B.R. 917, 919 (10th Cir. BAP 2010) ("A bankruptcy court's findings regarding a requisite element of § 523(a)(2)(A) is a factual determination reviewed under the clearly erroneous standard.").

In the present matter, Kube has failed to provide a copy of the trial transcript on appeal, and she has not provided any other basis for determining that the Bankruptcy Court's findings were clearly erroneous.[2] As this Court stated in *Burns v. Malo*,

> The Appellant is responsible for presenting sufficient portions of the bankruptcy court record to prove the error claimed. *R.D.F. Devs., Inc. v. Sysco Corp.* (*In re R.D.F. Devs., Inc.*), 239 B.R. 336 (B.A.P. 6th Cir. 1999). Where an appellant fails to meet his burden to provide an adequate record on appeal, it is impossible for a panel to determine that the bankruptcy court's findings were clearly erroneous. *Abrams v. Sea Palms. Assocs. Ltd.* (*In re Abrams*), 229 B.R. 784, 789 (B.A.P. 9th Cir. 1999) (affirming the bankruptcy court's

---

[2] At the time the appeal was filed, the Bankruptcy Rules required "[w]thin 14 days after the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the times to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8006. Rule 8006 also provided that "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." *Id*.

findings of fact in light of the inadequate record on appeal). In the present case, without the trial transcript, the record is inadequate. Therefore, the presumption that the bankruptcy court acted properly and made correct factual findings must prevail. *See In re R.D.F. Devs., Inc.*, 239 B.R. at 340.

*Burns*, 2010 WL 818075, at *3 (Vanaskie, J.) (quoting *In re Long*, No. 07-8022, 2008 WL 552495, at *3 (6th Cir. Feb. 29, 2008)); *see also In re Rose*, 483 B.R. 540, 544 (8th Cir. BAP 2012) ("The record before us therefore comprises only the bankruptcy court's memorandum order and judgment and Debtor's notice of appeal. Significantly, that record does not include an official transcript of the three-day trial before the bankruptcy court. As we are thus unable to review the evidence presented to the bankruptcy court, we cannot conclude the bankruptcy court's findings of fact are clearly erroneous."); *In re Clinton*, 449 B.R. 79, 83 (9th Cir. BAP 2011) ("When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review."); *Grasso v. Madison Capital Co.*, No. 13-4308, 2014 WL 1281123, at *3 (E.D. Pa. Mar. 31, 2014) ("This Court is unable to determine whether the Bankruptcy Court clearly erred in its evaluation of the testimony before it without an official transcript. Therefore, the Bankruptcy Court's factual findings with respect to the testimony before it will be affirmed."). Therefore, because Kube failed to submit a trial transcript on appeal, there is no basis in the record to conclude that the Bankruptcy Court erred in finding that the debt owed to Silverstein is not dischargeable.

### III. Conclusion

For the above stated reasons, the Bankruptcy Court's May 16, 2014 Order will be affirmed.

An appropriate order follows.

August 28, 2015  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

6